IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-30051 |
| | ) | |
| MICHAEL KROEGER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on April 23, 2007, for the sentencing hearing of Defendant Michael Kroeger. Defendant Kroeger appeared in person and by his attorney Assistant Federal Defender Karl W. Bryning. The Government appeared by Assistant U.S. Attorney Gregory M. Gilmore. On December 4, 2006, Defendant Kroeger pleaded guilty to the charge of Uttering Counterfeit Obligations, in violation of 18 U.S.C. §§ 471, as alleged in the Indictment (d/e 1). The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated March 26, 2007.

The Government had no objections to the PSR.

1

The Defendant objected to paragraph 44 of the PSR. This paragraph stated that the Kroeger had four criminal history points, placing him in Criminal History Category III. The criminal history calculation was based on four ordinance violations, two for fighting and two for stealing. PSR, ¶¶ 36, 37, 41, 43. Kroeger argued that the resulting calculation overstated the seriousness of his criminal history. For the reasons stated of record, the Court sustained the objections with respect to the criminal history points assessed for the ordinance violations for fighting, but overruled the objections for the ordinance violations for stealing. The Court, therefore, concluded that Kroeger should have two criminal history points and be in Criminal History Category II.

Defendant Kroeger also objected to paragraph 24. This paragraph stated that the amount of counterfeit money involved in the offense was approximately $8,000.00. Defendant Kroeger argued that the actual amount was approximately $2,000.00. Defendant Kroeger presented no evidence on this point. For the reasons stated of record, the Court overruled the objection. The Court found that the statements by Kroeger's co-defendant, on which the Probation Office relied, were credible. The Court also determined that a ruling on this objection was unnecessary because the

matter would not affect sentencing.  Fed. R. Crim. P. 32(i)(3)(B) & (C).

The Defendant had no additional objections to the PSR.  The Court, therefore, adopted the findings of the PSR as its own, subject to the ruling on the objections set forth above.  Accordingly, the Court found that Defendant Kroeger had a final Guideline Offense Level of 13, and was in Criminal History Category II, resulting in an advisory Guideline sentencing range of 15 months to 21 months, in Zone D of the Guidelines.  The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Kroeger's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information.  United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Kroeger, the Court sentenced Defendant Michael Kroeger to a term of 15 months imprisonment; to be followed by 3 years of supervised release; and imposed a $100.00 special assessment, which was due immediately.  The Court determined that no fine should be imposed.  The Court recommended to the Bureau of Prisons to

place Defendant Kroeger in a facility that has an intensive drug treatment program. The Court then informed Defendant Kroeger of his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER:      April 25      , 2007.

    FOR THE COURT:

                    s/Jeanne E. Scott
                    JEANNE E. SCOTT
                UNITED STATE DISTRICT JUDGE